IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST SAINT LOUIS DIVISION

| | | |
|---|---|---|
| TERRY G. DEETS, | ) | JURY DEMANDED |
|    Plaintiff, | ) | |
| | ) | Case No. 3:13-cv-00883-NJR-PMF |
| v. | ) | |
| | ) | Judge Nancy J. Rosenstengel |
| MASSMAN CONSTRUCTION CO.; | ) | |
| TRAYLOR BROS., INC.; ALBERICI | ) | Magistrate Judge Philip M. Frazier |
| CONSTRUCTORS, INC.; and MASSMAN, | ) | |
| TRAYLOR, ALBERICI, A JOINT | ) | |
| VENTURE, | ) | |
|    Defendants. | ) | |

**PLAINTIFF'S RESPONSE AND OBJECTIONS TO DEFENDANTS' BILL OF COSTS**[1]

Plaintiff Terry Deets ("Plaintiff") hereby responds to Defendants Massman Construction Co.'s ("Massman"), Traylor Bros., Inc.'s ("Traylor"), Alberici Constructors, Inc.'s ("Alberici"), and Massman, Traylor, Alberici, a Joint Venture's ("Joint Venture") (collectively, "Defendants") Bill of Costs and Memorandum in Support ("Bill of Costs") as follows:

**I.     Background**

On January 29, 2015, the Court granted Defendants' Motion for Summary Judgment as to Plaintiff's claims of race discrimination pursuant to Title VII and Section 1981. In doing so, the Court further ordered that the parties were to bear their own costs. Dkt. 60, p. 18; Dkt. 61. Ignoring the Court's orders that the parties shall bear their own costs, Defendants filed their Bill of Costs on February 12, 2015. Dkt. 62. In their Bill of Costs, Defendants seek to tax $7,482.88 against Plaintiff, including sums for service of subpoenas, fees for printed or electronically-recorded deposition transcripts, the costs of copying materials. On February 13, 2015, it was ordered that Plaintiff file any objections to Defendants' Bill of Costs by February 27, 2015. Dkt.

---

[1] Plaintiff presents his Response and Objections to Defendants' Bill of Costs as an alternative to his previously-filed Motion to Strike Defendants' Bill of Costs and Memorandum in Support. Dkt. 64.

1

63. As explained herein, Defendants' Bill of Costs should be stricken in its entirety or, in the alternative, drastically reduced.

## II. The Court Previously Ruled that the Parties Shall Bear their own Costs

### A. Defendants Misrepresent the Language of Federal Rule of Civil Procedure 54(d)(1)

Defendants' Bill of Costs makes no mention of the Court's January 29, 2015 orders that the parties shall bear their own costs in this case. Dkt. 60, p. 18; Dkt. 61. In seeking to tax costs, Defendants refer the Court only to a portion of Federal Rule of Civil Procedure 54. Dkt. 62, p. 2 ("Under Federal Rule of Civil Procedure 54(d), 'costs – other than attorneys' fees – should allowed to the prevailing party.'"). Defendants ignore the crucial limiting language in Federal Rule of Civil Procedure 54(d)(1). This Rule states as follows:

> *Unless a federal statute, these rules, or a court order provides otherwise*, costs – other than attorneys' fees – should be allowed to the prevailing party.

Fed. R. Civ. Pr. 54(d)(1) (emphasis added). At best, Defendants have selectively read the Rule to omit an essential provision; at worst, they have attempted to mislead the Court. Pursuant to the unambiguous language of the Rule and the Court's January 29, 2015 orders, Defendants are not permitted to tax any costs against Plaintiff in this case. Dkt. 60, p. 18; Dkt. 61; *see also Gavoni v. Dobbs House, Inc.*, 164 F.3d 1071, 1075 (7th Cir. 1999) ("Rule 54(d) expressly grants the trial court discretion in awarding costs – the prevailing party wins unless the court otherwise directs.") (internal citations omitted). The Court has already decided that costs should not be taxed in this case, rendering the Bill of Costs redundant of the issue. The Bill of Costs should therefore be stricken in its entirety.

### B.     Defendants' De Facto Motion for Reconsideration Fails

In light of the Court's January 29, 2015 orders, Defendants' Bill of Costs is masquerading as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59, which should also be denied.  The purpose of Rule 59(e) is to allow "a party to direct the district court's attention to . . . a manifest error of law or fact," and enable the court "to correct its own errors and thus avoid unnecessary appellate procedures."  *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).  A manifest error of law occurs when there "is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'"  *Oto v. Metropolitan Life Insurance Co.*, 224 F.3d 601, 606 (7th Cir. 2000), *citing Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997).

Nothing the Court has done here constitutes a manifest error of law or fact.  It has been the longstanding practice of the Seventh Circuit to grant the district court discretion in determining whether to award costs.  *Gorbitz v. Corvilla, Inc.*, 196 F.3d 879, 883 (7th Cir. 1999) (upholding the district court's refusal to award costs to defendant where summary judgment was granted in favor of defendant); *Gavoni v. Dobbs House, Inc.*, 164 F.3d 1071, 1075 (7th Cir. 1999) ("Rule 54(d) expressly grants the trial court discretion in awarding costs – the prevailing party wins unless the court otherwise directs.") (internal citations omitted); *Rivera v. City of Chicago*, 469 F.3d 631, 631 (7th Cir. 2006) ("[Rule 54(d)(1)] provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise."); *see* Fed. R. Civ. Pr. 54(d)(1) (omitting "shall" or "must" from its provisions).

As stated above, the Court has already used its discretion to hold that taxing costs would not be appropriate in this case.  There is no indication that Court engaged in a manifest error of law of fact in holding that the parties shall bear their own costs.  Dkt. 60, p. 18; Dkt. 61; Dkt. 62;

*Oto v. Metropolitan Life Insurance Co.*, 224 F.3d 601, 606 (7th Cir. 2000), *citing Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997).  The Court complied with the language of the Rule and relevant precedent.  As such, Defendants' Bill of Costs should be stricken.

### III. Alternatively, Defendants' Bill of Costs should be Reduced as it Seeks Non-Taxable Items

Much of the costs sought to be taxed by Defendants are non-recoverable and/or unreasonable.  If the Court decides to tax costs against Plaintiff, the Court must determine (1) whether the cost is recoverable and (2) whether the amount assessed is reasonable.  *See Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000).  The list of recoverable costs includes (1) fees of the clerk and marshal, (2) fees for transcripts, (3) witness fees and expenses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters.  *See* 28 U.S.C. § 1920; *see also Republic Tobacco Co. v. N. Atl. Trading Co., Inc.*, 481 F.3d 442, 447 (7th Cir. 2007).  As demonstrated herein, Defendants' sought-after costs are unreasonable and not recoverable.

#### A. Defendants' Requested Costs for Service of Subpoenas are Unreasonable

The sums requested by Defendant for the costs associated with the service of summons and subpoenas are above and beyond the limits permitted for such costs.  "[T]he prevailing party is entitled to recover the costs of service of process only at the hourly rate charged by the United States Marshals Service." *Stranski v. Homer Township Highway Department*, 2010 WL 3824102, *1 (N.D. Ill. 2010).  Pursuant to 28 C.F.R. § 0.114(a)(3), the U.S. Marshals Service charges $55.00 per hour for service.  Furthermore, "[w]hen an invoice fails to reflect the time spent effectuating service, courts typically award costs for one hour." *Stranski v. Homer Township Highway Department*, 2010 WL 3824102, *1 (N.D. Ill. 2010).

The invoices provided by Defendants fail to disclose the hours spent effectuating service on each witness. *See* Defendants' Appendix 2, Ex. D.  Therefore, Defendants are only entitled to the cost of one hour of service for each witness. *Stranski v. Homer Township Highway Department*, 2010 WL 3824102, *1 (N.D. Ill. 2010).  Moreover, the costs greatly exceed the $55.00 per hour rate provided by 28 C.F.R. § 0.114(a)(3). *See* Defendants' Appendix 2, Ex. D.

As a result, for Defendants' subpoena to the International Union of Operating Engineers, Local 520, this cost should be reduced from $85.00 to $55.00.  For the subpoena to Verizon Wireless, this cost should be reduced from $125.00 to $55.00.  If costs are taxed in this case, Defendants would only be entitled to $110.00 total for the costs of serving subpoenas.

**B.      Defendants' Requested Costs Associated with Deposition Transcripts and Copies are Unreasonable**

**1.      The Costs Sought by Defendants for Court Reporter Attendance Fees Exceed the Maximum Rate**

Defendants are not entitled to recover the full amount of court reporter attendance fees listed on the invoices provided.  "Unless another rate was previously provided by order of the Court, the court reporter attendance fee shall not exceed $110 for one half day (4 hours or less), and $220 for a full day attendance fee." Maximum Transcript Rates, Judicial Conference for the Southern District of Illinois, attached hereto as Exhibit A.  Here, Defendants seek an attendance fee of $270.00 for a full day. *See* Defendants' Appendix 2, Ex. A.  This amount must be reduced to $220.00.

**2.      Defendants Seek to Tax Unpermitted Per-Page Rates**

In their Bill of Costs, Defendants seek to tax costs for deposition transcription that are higher than the rate permitted by the Judicial Conference.  The Judicial Conference allows a transcription rate of $3.65 per page for an ordinary transcript. Ex. A.  Defendant's sought-after

5

amounts exceed this rate, charging $5.60 per page for Plaintiff's deposition transcript. *See* Defendants' Appendix 2, Ex. A. Plaintiff's deposition transcript was approximately 321 pages. *Id.* At $3.65 per page, as allowed by the Judicial Committee, Defendants should only be permitted to tax $1,171.65 against Plaintiff for the costs of the transcript, not $1,797.60.

### 3. Court Reporter Fees for Copies of Exhibits are Not Recoverable

Defendant further seeks to tax costs for court reporters' charges for copy exhibits which had been previously been produced to Defendant in discovery. Charges for copies of deposition exhibits are not recoverable when they are merely copies of documents Defendant already possessed. *See Boyle v. Torres*, 2011 WL 899720, *2 (N.D. Ill 2011) (declining to award charges for exhibit costs where prevailing parties did not show that exhibits "were anything other than extra copies of documents already within their possession"). Thus, the $116.00 associated with the exhibits for Plaintiff's deposition, $1,173.00 associated with the exhibits for Joseph Kopp's deposition, $944.00 associated with the exhibits for Richard Hoover's deposition, $251.00 associated with the exhibits for Stephen Dale Helmig's deposition, $241.50 associated with the exhibits for John Todt's deposition, and $291.50 associated with the exhibits for Mark Schnoebelen's deposition must be stricken. Regarding deposition exhibits alone, Defendants' Bill of Costs should be reduced by $3,017.00.

### 4. Delivery Fees are Not Taxable

Defendants seek to tax shipping and handling fees for deposition transcripts, but these amounts are not recoverable. *See American Family National Insurance Co. v. Citibank, F.S.B.*, 623 F.Supp.2d 953, 956 (N.D. Ill. 2009); *see also Harkins v. Riverboat Services, Inc.*, 286 F.Supp.2d 976, 981 (N.D. Ill. 2003). Thus, the shipping and handling costs associated with Plaintiff's deposition in the amount of $10.00 are not recoverable.

**IV.     Conclusion**[2]

Pursuant to Federal Rule of Civil Procedure 54(d)(1), Defendants' Bill of Costs should be denied in its entirety as a consequence of the Court's January 29, 2015 order requiring that the parties bear their own costs.  Alternatively, Defendants' Bill of Costs should be reduced by $3,802.95, totaling $3,679.93.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a) Deny Defendants' Bill of Costs in its entirety;

b) Alternatively, if the Court finds that the January 29, 2015 orders do not control which parties shall bear the costs at issue in this case, reduce Defendants' Bill of Costs to $3,679.93; and

c) Grant any other just relief.

> Respectfully Submitted,
> Terry Deets
>
>  /s/ Franklin Z. Wolf
> One of Plaintiff's Attorneys

Uche O. Asonye – 6209522
Franklin Z. Wolf – 6301208
Asonye & Associates
100 N. LaSalle Street, Suite 2115
Chicago, Illinois 60602

---

[2] Unreported case law is attached hereto as Exhibit B.

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 27th Day of February, 2015, served a true and accurate copy of the foregoing *Plaintiff's Response and Objections to Defendants' Bill of Costs* via the CM/ECF electronic filing system to the following:

Julianne P. Story
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
julianne.story@huschblackwell.com

Brittany M. Falkowski
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
brittany.falkowski@huschblackwell.com

                                        Respectfully Submitted,
                                        Terry Deets,

                                        /s/ Franklin Z. Wolf
                                        One of Plaintiff's Attorneys

Uche O. Asonye – 6209522
Franklin Z. Wolf – 6301208
Asonye & Associates
100 N. LaSalle Street, Suite 2115
Chicago, Illinois 60602