## Case Law

- *Boyle v. Torres*, 2011 WL 899820 (N.D. Ill. 2011)

- *Stranski v. Homer Township Highway Department*, 2010 WL 3824102 (N.D. Ill. 2010)

2011 WL 899720
Only the Westlaw citation is currently available.
United States District Court,
N.D. Illinois.

**BOYLE**
v.
**TORRES**, et al.

No. 09 C 1080.    |    March 15, 2011.

**Attorneys and Law Firms**

Edward M. Fox, Jonathan R. Ksiazek, Ed Fox & Associates, Chicago, IL, for Plaintiff.

Steven M. Puiszis, Corinne Cantwell Heggie, William Yu, Hinshaw & Culbertson, Chicago, IL, for Defendants.

**Opinion**

### STATEMENT

ELAINE E. BUCKLO, Judge.

\*1 On December 21, 2010, I entered summary judgment in favor of defendants Vincent Darling, Carl Martin, and the City of Chicago (collectively the "City Defendants"). In the same order, I denied summary judgment in part for defendants **Torres**, Moore, Galarza, Kwiatkowski, Gillespie and the University of Chicago (collectively the "University Defendants"). Before the court is the City Defendants' motion to recover costs. Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees should be allowed to the prevailing party." 28 U.S.C. § 1920 specifies the costs that may be recoverable pursuant to Rule 54(d)(1):(1) the fees of the clerk and marshal; (2) fees for court reporters and transcripts; (3) fees for printing and witnesses; (4) fees for exemplification and the costs of making copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and interpreters. When evaluating a **bill** of **costs**, a court must determine: (1) whether the expenses are allowable under § 1920, and (2) whether the expenses are reasonable and necessary. *Deimer v. Cincinnati Sub–Zero Prods., Inc.,* 58 F.3d 341, 345 (7th Cir.1995).

The City Defendants request that plaintiff pay total taxable costs of $1,962.45, which includes copying costs of $414.00 and court reporting costs of $1278.45. They also seek $270.00 for the cost of a transcript from plaintiff's criminal case. Plaintiff raises certain objections to these costs. For the reasons set forth below, I grant in part and deny in part the City Defendants' request.

Plaintiff first makes a global objection to the award of any costs, arguing that the University Defendants "were responsible for a disproportionate share of the costs[.]" Pl.'s Obj. at 3. Plaintiff argues that without the actions of the University Defendants (who initiated the arrest of plaintiff and were the first officers on the scene), the City Defendants would not have been named as defendants in this case. According to plaintiff, "As the City Defendants only arrested the Plaintiff as a result of the University Defendants' actions, if the University Defendants are found liable to the Plaintiff in this case then they should be ordered to pay any costs deemed as allowable from the City Defendants." *Id.* In a rather novel argument, then, plaintiff maintains that the court should await the final outcome in this case to determine which party should pay the City Defendants' costs. According to plaintiff, if he is ultimately successful, then the City Defendants' costs should be paid by the University Defendants, not plaintiff.

Not surprisingly, plaintiff provides no persuasive authority for his unsupportable position. Plaintiff, as master of his complaint, brought this lawsuit and decided to sue both sets of defendants. The choice to include the City Defendants was plaintiff's, not the University Defendants'. The few cases cited by the plaintiff all deal with allocating costs between multiple losing parties who share joint and several liability, a factual scenerio which is clearly not present here. The bottom line here is that the City Defendants are entitled to costs, and plaintiff must pay those costs. *See Anderson v. Griffin,* 397 F.3d 515, 522 (7th Cir.2005) (explaining that the award of costs to a prevailing party is a "vestige of the English 'loser pays' rule").

\*2 Having concluded that costs are to be taxed, I next consider the objections plaintiff raised to the specific items in the City Defendants' motion. First, plaintiff objects to $332.70 of the $414.00 identified as "Copies and Exemplifications." Specifically, plaintiff objects to the inclusion of costs for copies of the City Defendants' Motion for Summary Judgement, as well the accompanying memorandum, Local Rule 56.1 statements, the University Defendants' Rule 56.1 statements, plaintiff's appendix of exhibits and the City Defendants' reply to plaintiff's summary responses. Plaintiff argues these charges are not necessary because the City

Defendants already had copies of these documents. My standing order requires a party to deliver a courtesy copy of the summary judgment filing to chambers, and thus the costs associated with the City Defendants' summary judgment briefing is reasonable and recoverable. With respect to the court docket entries relating to the University Defendants' Rule 56.1 statements, plaintiff's appendix of exhibits and the City Defendants' reply to plaintiff's summary responses, it is reasonable for a party to have a complete copy of what is filed with the court as part of the record. *See Kulumani v. Blue Cross & Blue Shield Ass'n,* 224 F.3d 681, 685 (7th Cir.2000) ("Two copies of every document filed with court or provided to opposing counsel makes sense; it is easy to see why each is useful."). Although there was no objection, I note that the City Defendants seek reimbursement for two copies of five letters from Helen C. Gibbons to Meghan A. Gonnissen. Based on *Kulumani,* I find that two copies is not unreasonable. The copying costs of $414.00 sought by the City Defendants are reasonable and are taxed against the plaintiff.

Finally, "Plaintiff objects to the fact that the Defendants failed to separate out the number of exhibit pages ordered in each deposition, rendering it impossible to determine the reasonableness of Defendants' claimed [amount] of $1,278.45 and what number of these pages contained exhibits." Pl.'s Obj. at 6. According to plaintiff, a "prevailing party may generally not recover the costs of deposition exhibits where the party was in possession of the exhibits prior to the taking of the deposition." *Id.* (citing *Fagbemi v. Spatz,* No. 08 C 3736, 2010 WL 3522946, at *4 (N.D.Ill. Sept.2, 2010)).

As an initial matter, the City Defendants did, in fact, separate out the number of exhibit pages ordered in each deposition, as is clear in their table of "Deposition Costs" and in the transcription receipts attached as an exhibit to the motion for costs. With respect to whether the City Defendants are entitled to the court reporter charges for copies of deposition exhibits, I conclude they are not. Pointing to *Gyrion v. City of Chicago,* 454 F.Supp.2d 725 (N.D.Ill.2006), the City Defendants argue that because plaintiff arranged for the depositions, they are entitled to the full costs of those depositions, which presumably would include the copies of deposition exhibits. I would be more inclined to award the exhibit copy charges if the City Defendants explained why they were necessary, and indicated whether or not they already had copies in their possession. "Courts should not award 'costs associated with deposition exhibit copies unless the costs are essential to understanding an issue in the case.'" *Menasha Corp. v. News America Marketing Instore, Inc.,* No. 00 C 1895, 2003 WL 21788989, at *2 (N.D.Ill. July 31, 2003) (quoting *Fait v. Hummel,* No. 01 C 2771, 2002 WL 31433424, at *2 (N.D.Ill. Oct.30, 2002)). I decline to award the charges for exhibit copies where the City Defendants have put forward no argument or evidence that the exhibit copies were essential. The City Defendants have not shown that the deposition exhibits were anything other than extra copies of documents already within their possession. As a result, I decline to award the $14.90 associated with deposition exhibits.

**\*3** Plaintiff has voiced no objection to the reporting costs associated with the transcripts (or the transcription in plaintiff's criminal case), and because they are within the allowable amounts, I will tax them as reasonable and necessary. Finally, plaintiff has not objected to the court reporter delivery charges, and I will tax those charges as well. *See Finchum v. Ford Motor Co.,* 57 F.3d 526, 534 (7th Cir.1995) (where court labeled per diem costs and delivery costs of court reporter "incidental" to taking of deposition and concluded that the district court's award of costs to prevailing party was not abuse of discretion).

In the end, I tax the following costs against plaintiff: $414.00 (copying), $1,263.55 (court reporter costs minus deposition exhibits charges), and $270.00 (criminal case transcript), totaling $1,947.55.

---

2010 WL 3824102
Only the Westlaw citation is currently available.
United States District Court,
N.D. Illinois,
Eastern Division.

Roseanne **STRANSKI**, Plaintiff,
v.
HOMER TOWNSHIP HIGHWAY DEPARTMENT, Defendant.

No. 07 C 4731.    |    Sept. 23, 2010.

**Attorneys and Law Firms**

Jessica Rae Hill, John P. Derose, John P. Derose & Assoicates, Hinsdale, IL, for Plaintiff.

Erin Elizabeth Buck Kaiser, Best, Vanderlaan & Harrington, Chicago, IL, Fritz V. Wilson, Lori Ann Vanderlaan, Best, Vanderlaan & Harrington, Wheaton, IL, for Defendant.

**Opinion**

### MEMORANDUM ORDER

REBECCA R. PALLMEYER, District Judge.

 ***1** Having prevailed before a jury on this employment discrimination case, Defendant Homer Township Highway Department seeks an award of costs in the amount of $10,224.33. Plaintiff Roseanne **Stranski** objects to portions of Defendant's bill of costs, and for the reasons explained here, her objections are sustained in part and overruled in part.

Rule 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." *Cefalu v. Village of Elk Grove,* 211 F.3d 416, 427 (7th Cir.2000). As the Court of Appeals has explained, that rule "establishes a presumption in favor of a cost award." *Id.* The Seventh Circuit as characterized the presumption as a "heavy" one. *See M.T. Bonk Co. v. Milton Bradley Co.,* 945 F.2d 1404, 1409 (7th Cir.1991); *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.,* 854 F.2d 219, 222 (7th Cir.1988). Only certain statutorily-authorized categories of expense are recoverable, however. *Cefalu,* 211 F.3d at 427 (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441–42, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987)); *Barber v. Ruth,* 7 F.3d 636, 644 (7th Cir.1993). Specifically, pursuant to 28 U.S.C. § 1920, the following are recoverable:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, [and] payment for interpreter services]....

In reviewing Defendant's bill of costs, the court considers whether the amounts sought are of a type authorized by the statute and whether the costs were reasonably incurred. *Majeske v. City of Chicago,* 218 F.3d 816, 824 (7th Cir.2000) (citing *Weeks v. Samsung Heavy Indus. Co., Ltd.,* 126 F.3d 926, 945 (7th Cir.1997)). The court addresses Defendant's request for costs, and Plaintiff's objections, in the order outlined by statute.

**1. Fees for service**

Defendant seeks an award of $145.00 for service of process on Officer Denise Powers and $95.00 for service of process on Tanya Berndt. As Plaintiff notes, the prevailing party is entitled to recover the costs of service of process only at the hourly rate charged by the United States Marshals Service. *See Collins v. Gorman,* 96 F.3d 1057, 1060 (7th Cir.1996). By regulation effective December 19, 2008, the Marshals Service charges $55 per hour for service of process. *See* 28 C.F.R. § 0.114(a)(3). When an invoice fails to reflect the time spent effectuating service, courts typically award costs for one hour. *See, e.g., Fox v. Will County,* No. 04 C 7309, 2009 WL 723385, at *5 (N.D.Ill. Mar.11, 2009) (Darrah, J.); *Denson v. N.E. Ill. Reg'l Commuter R.R. Corp.,* No. 00 C 2984, 2003 WL 21506946, at *2 (N.D.Ill. June 27, 2003) (Hart, J.); *Clarendon Nat. Ins. Co. v. Medina,* No. 08 C 4245, 2010 WL 3526515, at *1 (N.D.Ill. Sept. 1, 2010) (Kendall, J.). Because Defendant's records do not reflect the time the process server devoted to service on these two witnesses, the court awards costs for one hour for each witness, for a total of $110.

**2. Fees for transcripts necessarily obtained**

**\*2** Defendant seeks fees for deposition transcripts for several witnesses. Expenses related to depositions are recoverable so long as they were reasonably necessary to the case. *See State of Ill. v. Sangamo Const. Co.,* 657 F.2d 855, 867 (7th Cir.1981). Plaintiff does not object to recovery of the court reporter's appearance fee for any of the depositions, nor does she object to recovery for the deposition transcript fees for Denise Powers, Bill Greenwalt, or Beth Marchbank. She does object to recovery of transcript fees for the depositions of Roseanne Stranski, Richard Kerley, and Franklin Dunn, on the ground that the receipts Defendant has submitted for those depositions do not include information concerning the per-page charge or number of pages in each transcript. These objections are overruled. Defendant has provided the requested information in its reply memoranda, where it points out that the depositions of Franklin Dunn and Richard Kerley were transcribed by a court reporting service selected by Plaintiff's counsel. The court presumes that Plaintiff is well aware of the length of her own deposition transcript, and notes that the per-page cost for that transcript is substantially lower than the per-page cost charged by the court reporting service she herself selected. The court awards the full amount requested for deposition transcripts, $4,586.43.

Defendant has also requested an award of $1,924.80 for trial transcripts at the higher rate charged for "daily copy." In defending this expense, Defendant states only that the transcripts for Roseanne Stranski and Franklin Dunn were necessary "[i]n particular" to effective presentation of the evidence. In determining whether a transcript was necessary, the court considers the facts known at the time the transcript was ordered; a showing that the transcript was actually used in the trial is ordinarily not required for a finding that it was necessary. *See Cengr v. Fusibond Piping Sys., Inc.,* 135 F.3d 445, 455 (7th Cir.1998); *Hudson v. Nabisco Brands, Inc.,* 758 F.2d 1237, 1243 (7th Cir.1985). And, although "courts may not tax the costs of transcripts ... provided merely for the convenience of the requesting attorney," *Barber,* 7 F.3d at 645, a transcript need not be "absolutely indispensable in order to provide the basis of an award of costs." *Id.* Whether a party obtained a transcript out of convenience or necessity for use in the case is a question of fact within the trial court's discretion. *See Callicrate v. Farmland Indus., Inc.,* 139 F.3d 1336, 1340 (10th Cir.1998); *Weeks,* 126 F.3d at 945; 10 James William Moore, MOORE'S FEDERAL PRACTICE, § 54.103[3][e] (3d ed.1998).

In light of the "he said, she said" nature of this litigation, the court agrees that obtaining daily copy of the testimony of Ms. Stranski and Mr. Dunn was necessary to effective cross-examination and preparation of the closing argument. The court therefore overrules Plaintiff's objection in part. The cost for daily copy for Ms. Stranski and Mr. Dunn's trial testimony is recoverable; for all other portions of the transcript, reimbursement is limited to the amount charged by the court reporter for standard delivery.

### 3. Fees for printing and witnesses

**\*3** Of the $675 Defendant seeks for witness fees, Plaintiff objects only to the witness fees for William Greenwalt ($25), Joseph Kamarauskas ($25), and the Will County Sheriff's Department ($25). She also objects to the sums Defendant seeks to recover for transportation for the witnesses.

Defendant has explained that it chose to subpoena Officer Kamarauskas and the Sheriff's Department for impeachment purposes, and the court is satisfied by that explanation. With respect to William Greenwalt, Plaintiff notes that Greenwalt was deposed only once, but Defendant seeks recovery of the $25 witness fee for two appearances. In its reply, Defendant asserts that "Mr. Greenwalt received fees for each time his deposition was scheduled, ..." (Reply Mem. at 6) but has not explained why the deposition was scheduled more than once, or whether Plaintiff was responsible. The court sustains Plaintiff's objection to the cost of that subpoena.

Plaintiff also objects to reimbursement of taxi fare in the amount of $110.00 for Joanne Gorecki–Purdy. Section 1920(3) allows costs to be awarded for witness fees that are specified in 28 U.S.C. § 1821, and the Seventh Circuit has concluded that read together, these sections authorize the award of costs to reimburse witnesses for reasonable travel and subsistence expenses. *See Majeske,* 218 F.3d at 825–26. Section 1821(c)(1) allows for actual travel expenses via common carrier "at the most economic rate reasonably available," and § 1821(c)(2) provides a mileage allowance for witnesses who travel by their own vehicles set by the Administrator of General Services. Defendant nevertheless claims taxi fare is recoverable; it cites § 1821(c)(3) (Reply Mem. at 5), but that section provides for recovery of taxi fare only for travel "between places of lodging and carrier terminals."

Put simply, the cost of a taxicab for travel to the courthouse is not an authorized cost. The court will sustain Plaintiff's objection to any amount in excess of $9.60, the cost of a round-trip ticket on the commuter train from Tinley Park to Chicago.

**4. Fees for copies**

Defendant seeks recovery of copying costs in the amount of $500.20. As with deposition transcripts, the prevailing party may recover the costs of photocopies that are reasonably necessary for use in the case. See 28 U.S.C. § 1920. Parties are "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co.,* 924 F.2d 633, 643 (7th Cir.1990). In this case, however, Defendant's request provided no detail at all; the materials in support of the original bill of costs offered no explanation of what specific documents were copied, or why the copies were necessary. "Without such information, it is not possible to determine which copies were made for the court and opposing counsel and which were made solely for the purpose of attorney convenience." *Autozone, Inc. v. Strick,* No. 03 C 8152, 2010 WL 2365523, at *3 (N.D.Ill. June 9, 2010) (Darrah, J.).

**\*4** Defendant's failure to meet this burden initially is disappointing, but its reply memorandum amplifies the record. (Reply Memo. at 8–9.) Defendant has now explained the nature of the documents copied, and the court is satisfied that they were reasonably necessary for this litigation. The reply memorandum makes clear, as well, that the per-copy cost is reasonable: $.10 per page. Plaintiff's objection to recovery of the copying charges is overruled.

**5. Non-recoverable expenses**

Finally, Defendant asks the court to award amounts for "mileage, tolls, parking fees, lodging" for its attorneys, as well as attorney's fees for the preparation of the bill of costs. Beyond its own assertion that such amounts "should be awarded," (Reply Mem. at 9), Defendant offers no authority for reimbursement of these amounts.

And there is none. Neither travel expenses for attorneys, nor attorneys fees themselves, are properly recoverable as costs. See *Calderon v. Witvoet,* 112 F.3d 275, 276 (7th Cir.1997), (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441–42, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987)); see also *Bats Inc. v. Vector Pipeline, LP.,* 222 F.R.D. 356, 358 (N.D.Ind.2004); *Angevine v. WaterSaver Faucet Co.,* No. 02 C 8114, 2003 WL 23019165, *10 (N.D.Ill.Dec.23, 2003) (collecting cases). The court sustains Plaintiff's objection to the request for attorney travel and lodging expenses, and to the request for attorney's fees.

### CONCLUSION

Defendant's motion for recovery of costs [107] is granted in part and denied in part. Defendant is directed to submit a revised bill of costs, consistent with the court's rulings, within 14 days.

---

**End of Document**                    © 2013 Thomson Reuters. No claim to original U.S. Government Works.